FILED

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

01 JUN 15 PM 5:47

CLERK, U.S. DISTRICT
MIDDLE DISTRICT OF FLORID.
JACKSONVILLE, FLORIDA

**IN ADMIRALTY**

CASE NO: 3:00CV1212   J25C

FOOTHILL CAPITAL CORPORATION,
A California Corporation,

       Plaintiff,

vs.

The M/V LEISURE LADY, Official Number:
671576, a 137' Motor Vessel, her engines,
tackle, rigging, dinghies, equipment,
appurtenances, furniture, etc., *in rem*, the M/V
VEGAS EXPRESS, Official Number: 594643, a
173.8' Motor Vessel, her engines, tackle,
rigging, dinghies, equipment, appurtenances,
furniture, etc., *in rem*, LEISURE TIME
CRUISE CORPORATION, a Colorado
Corporation, FLORIDA CASINO CRUISES, Inc.,
a Georgia Corporation, LEISURE TIME
TECHNOLOGY, Inc., a Georgia Corporation,
LEISURE TIME CASINOS and RESORTS, Inc.,
A Colorado Corporation, LEISURE EXPRESS
CRUISE, L.L.C., a Colorado Limited Liability
Corporation, and ALAN N. JOHNSON,

       Defendants.
_____/

## FOOTHILL'S MOTION *IN LIMINE* TO EXCLUDE ANY AND ALL EVIDENCE OF FOOTHILL'S BUSINESS DEALINGS WITH SUNCRUZ

COMES NOW, Plaintiff, **FOOTHILL CAPITAL CORPORATION** (hereinafter "FOOTHILL"), by and through its undersigned counsel, moves this Court for an order *in limine* restraining Defendants from introducing any and all evidence of FOOTHILL's business relationship and/or loans with SunCruz on the following grounds:



## Introduction

Between October 1998 and August 1999, FOOTHILL made several loans to Defendants amounting to approximately Eight Million Seven Hundred Twenty Five Thousand Dollars ($8,725,000). In exchange for these sums of money, Defendants executed multiple Secured Notes, Security Agreements, First Preferred Ship Mortgages, Guaranties and other documents (collectively "Agreements"), all of which have been previously provided to this Court and opposing counsel. This portfolio of loans maintained by FOOTHILL is overseen by one portfolio officer, Ms. Ellen Trach.

As is customary and expected from a lending institution, FOOTHILL issues loans to a variety of entities, who may at times be in competition. With this in mind, FOOTHILL maintains confidentiality with each of its customers. Documents submitted to FOOTHILL by prospective loan customers are kept in strict confidence and not shared with other FOOTHILL customers without the consent of the borrower. In the instant case, Defendants' portfolio of loans was managed by Ms. Ellen Trach at first in California, now Minnesota, while the SunCruz portfolio was handled by a different portfolio manager.

On the remaining issue to be litigated in this matter, namely the amount of damages for breach of Agreements, Defendants may attempt to submit evidence to mitigate their damages by falsely claiming FOOTHILL divulged confidential information, provided it by Defendants, to a direct competitor, SunCruz. With this evidence, Defendants claim they are entitled a reduction in contract damages. Despite its falsity, as discussed below, this evidence is irrelevant and inadmissible, in addition to being confusing and misleading to the fact finder and improperly prejudicial to FOOTHILL. F.R.E. 401, 402, 403.

## Memorandum of Law

Motions *in limine* give a court an "opportunity to take up before the trial those certain and limited evidentiary issues in order to minimize interruptions at trial." Deghand v. Wal-Mart Stores, Inc., 980 F.Supp. 1176, 1179 (D. Kansas 1997). The Court should grant FOOTHILL's motion *in limine* on this issue so that the evidence and arguments in this case are focused on relevant and admissible information. Pursuant to Federal Rule of Evidence 103(a)(December 1, 2000), FOOTHILL requests that the Court make a "definitive ruling" on the issues raised herein so that the objections and arguments addressed in this motion need not be renewed or restated during the trial of this matter.

Simply stated, this case is about nothing more than a failure to repay a debt pursuant to Agreements. Defendants have been found liable for their collective debt to FOOTHILL. The only matter left to be decided is for how much money.

Federal Rule of Evidence 402 unambiguously mandates that "[e]vidence which is not relevant is not admissible." Fed.R.Evid. 402. The Rules further define relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Evidence of FOOTHILL's business relationship with SunCruz has nothing whatsoever to do with Defendants' loan obligations to FOOTHILL. SunCruz is not alleged to have received any of the monies loaned by FOOTHILL to Defendants nor is SunCruz a guarantor of monies loaned by FOOTHILL to Defendants. In short, SunCruz is not relevant to Defendants' debt obligations to FOOTHILL.

FOOTHILL's business dealings with SunCruz is not relevant to whether Defendants owe FOOTHILL monies pursuant to various Agreements. Such evidence is not relevant to either the

-3-

existence of any Agreements or breach of any Agreements, nor is it relevant to any alleged damages. The introduction of evidence which relates to FOOTHILL's business relationship with SunCruz is essentially an attempt by Defendants to shift the focus of the case away from the black letter of multiple Agreements entered into by the parties, to some allegation, which has never been plead, of some impropriety by FOOTHILL divulging confidential information to a competitor. If allowed, such evidence will serve to do nothing more than prejudice the fact finder by suggesting that if such disclosure occurred, which FOOTHILL adamantly denies, damages must be reduced.

Consequently, any evidence of FOOTHILL's business relationship with SunCruz has no "tendency to make the existence of any fact" that would be of "consequence to the determination of [this] action more probable or less probable than it would be without the evidence." See Fed.R.Evid. 401. Hence, pursuant to Federal Rule of Evidence 402, such evidence is inadmissible.

Even if relevant, the probative value, if any, of FOOTHILL's business relationship with SunCruz is substantially outweighed by the danger of prejudice against FOOTHILL and would further confuse the issues, waste time and may ultimately mislead the fact finder.

The Federal Rules of Evidence also mandate that not all relevant evidence is admissible at trial. In instances where evidence is deemed relevant and admissible pursuant to Federal Rules of Evidence 401 and 402, the rules unambiguously mandate the exclusion of such relevant evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading to the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403. In determining the admissibility of evidence, "the trial judge is accorded broad discretion in determining whether evidence should be excluded under Rule 403 . . ." Borden, Inc. v. Florida East Coast Ry. Co., 772 F.2d 750, 756 (11th Cir. 1985).

Essentially, "the major function of Rule 403 is limited to excluding matter of scant or commutative probative force, *dragged in by the heels for the sake of its prejudicial effect.*" United States v. McRae, 593 F.2d 700, 707 (5th Cir. 1979), cert. denied, 444 U.S. 862, 100 S.Ct. 128, 62 L.Ed.2d 83 (1979) (emphasis added).

The introduction of evidence of FOOTHILL's business relationship with SunCruz will serve only to confuse the issues and be a complete waste of time. Such evidence is superfluous and unrelated to FOOTHILL's loans to Defendants, their breach, and the proper award of damages pursuant to the Agreements. This confusion of issues and waste of time will serve only to prejudice FOOTHILL, and would certainly outweigh any probative value such evidence would have in relation to the very specific issues of the appropriate amount of damages to be awarded FOOTHILL for breach of Agreements.

The introduction of evidence of FOOTHILL's other business relationships would also require the daunting task of conducting mini-trials and the introduction of a considerable amount of extrinsic evidence on the nature of FOOTHILL's business relationships with SunCruz, thus resulting in a substantial lengthening of the trial. See Wilson v. Bicycle South, Inc., 915 F.2d 1503, 1510 (11th Cir. 1990). Furthermore, introducing evidence of SunCruz which is unrelated to Defendants and their Agreements would confuse and ultimately mislead the fact finder as to what evidence should be considered for the limited purpose of determining the amount of damages to be awarded FOOTHILL for Defendants' breach of Agreements. F.R.E. 403 was specifically adopted to prevent introduction of such needless, confusing and ultimately misleading evidence.

Therefore, because of the clear waste of time and confusion of the remaining issues to be litigated in this matter, any probative value of evidence pertaining to FOOTHILL's business dealings

with SunCruz is substantially outweighed, making such evidence clearly inadmissible. Defendants should be precluded from introducing any evidence pertaining to FOOTHILL's business relationships with SunCruz pursuant to Federal Rule of Evidence 403.

*WHEREFORE*, for the reasons set forth above, FOOTHILL therefore respectfully requests that the Court enter an Order *in limine* excluding from evidence and argument any mention of SunCruz, its business relationship with FOOTHILL, and ordering such other appropriate relief.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via telefax and U.S. Mail this 15th day of June, 2001 to G.J. Rod Sullivan, Jr., Esquire, *Attorney for Defendants*, Sullivan & Boyd, 501 W. Bay Street, Suite 100, Jacksonville, FL 32202 and Dwayne Clark, Esq., DiFilippo & Clark, P.A., 4239 Sunbeam Road, Suite 6, Jacksonville, FL 32257.

DiFilippo & Clark, P.A.
4239 Sunbeam Road, Suite 6
Jacksonville, Florida 32257
Tel: (904) 443-7449
Fax: (904) 443-7898

DWAYNE L. CLARK
FL. Bar No.: 708410
KRISTEN Z. WATSON
FL. Bar No.: 096131

and

Adorno & Zeder, P.A.
888 S.E. 3rd Avenue, Suite 500
Fort Lauderdale, FL 33335-9002
Tel: (954) 523-5885
Fax: (954) 760-9531
ROBERT D. McINTOSH
FL Bar No.: 115490